883 F.2d 51
 29 Wage & Hour Cas. (BN 743, 112 Lab.Cas. P 35,252
 William E. BROCK, Secretary of Labor, United States
Department of Labor, Appellee,
v.
BEST WESTERN SUNDOWN MOTEL, INC., a corporation,
Grandmother's House, Inc., a corporation, H.
Ronald Halling, individually, and
Beverly Halling, individually,
Appellants.
 No. 88-5310.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 12, 1989.
Decided July 24, 1989.
 
 Miwrael W. Day, Belle Fourche, S.D., for appellants.
 L. Carol Arnold and Linda Jan S. Pack, Washington, D.C., for appellee.
 Before ARNOLD and FAGG, Circuit Judges, and BRIGHT, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ronald and Beverly Halling appeal the District Court's[1] determination that their motel and restaurant business violated the minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. Secs. 201 et seq. The Hallings do not dispute that their business has paid some of its employees less than the federal minimum wage, and has failed to pay the required overtime premium of one and one-half times the federal minimum wage for work in excess of 40 hours a week. The only issue in dispute is whether the Hallings' business is exempt from the provisions of the FLSA.
 
 
 2
 Ronald Halling owns the Best Western Sundown Motel, which generates an approximate annual sales volume of $265,000. Beverly Halling owns an adjoining restaurant, Grandmother's House, which generates an approximate annual sales volume of $190,000. If the motel and the restaurant are taken to be separate enterprises, both would be exempt from the operation of the FLSA, in that both have an annual sales volume of less than $362,500, the minimum required for application of the FLSA, 29 U.S.C. Sec. 203(s)(2). The Secretary of Labor contends that the motel and restaurant form a single enterprise (with a total income over the $362,500 threshold) within the meaning of 29 U.S.C. Sec. 203(r), in that they are related activities performed through unified operation and common control for a common business purpose.
 
 
 3
 The District Court held for the Secretary. The Court found, inter alia, that the motel and restaurant are physically connected, that each business operates without regular payment of rent on property owned jointly by the Hallings, and that the establishments share a telephone, laundry facilities, and advertising. The Court further found that Ronald often did work in the restaurant and once signed the restaurant's income-tax return, while Beverly frequently did work at the motel. The Court also found the Hallings jointly hired a couple to manage the motel and restaurant together.
 
 
 4
 We find no clear error in these findings. On appeal, the Hallings have essentially attempted to relitigate the factual issues before the District Court. The Hallings' arguments generally dispute the District Court's interpretation and construction of testimony, but they provide nothing to compel the firm and definite conviction that the District Court committed error. On the facts found by the District Court, we have little trouble affirming its legal conclusion that the Hallings' motel and restaurant constitute a single enterprise under the FLSA. Unlike the motel and restaurant in Dunlop v. Ashy, 555 F.2d 1228 (5th Cir.1977), or the lunch counter and drugstore in Donovan v. Weber, 723 F.2d 1388 (8th Cir.1984), the Hallings' establishments are clearly under the common control of the same owners, with substantially overlapping operations.
 
 
 5
 We further reject the Hallings' claim that the District Court ought to have excluded the testimony of employees who left their jobs more than two years prior to the commencement of the suit. Although such employees may not recover back wages prior to the applicable limitations period, their testimony was probative of the ongoing organization of the Hallings' business. The Hallings' objection to the testimony of Ona Rae Bailey, some of which was subsequently recanted, is similarly insubstantial. The District Court's findings related to her testimony were based on the testimony of several additional witnesses, and, in any case, the Court was in the best position to judge how much of Ms. Bailey's testimony had actually been recanted by her subsequent affidavit, and whether she was telling the truth at trial or later.
 
 
 6
 Affirmed.
 
 
 
 [1]
 The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota